**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **MARTY K. MORTON,** | ) | |
|     **Plaintiff** | ) | |
| v. | ) | **Civil Action** |
| | ) | **No. 3:07-CV-360** |
| **MICHAEL J. ASTRUE** | ) | |
| **Commissioner of Social Security,** | ) | |
|     **Defendant** | ) | |

**CONSENT ORDER WITH REMAND
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405 (g)**

The Defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the Administrative Law Judge will be instructed to: 1) evaluate Plaintiff's medically determinable mental impairments in accordance with 20 C.F.R. sections 404.1520a and 416.920a; 2) further consider the treating source opinion of Dr. Wendell Wells, III, as expressed in the May 2006 residual functional capacity assessment, pursuant to Social Security Ruling 96-2p; and, 3) express Plaintiff's residual functional capacity in specific terms, including the frequency of the need to alternate between sitting and standing, with appropriate references to pertinent evidence of record, in accordance with Social Security Rulings 83-12, 96-8p, and 96-9p. The Administrative Law Judge will also obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base; to determine whether Plaintiff has acquired any skills that are transferable to other occupations; and, to determine the incidence of jobs in the national economy that are within his assessed residual functional capacity. Further, the Administrative Law Judge will identify and resolve any conflicts between the

occupational evidence provided by the vocational expert and the information contained in the Dictionary of Occupational Titles, as required by Social Security Ruling 00-4p.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: May 20, 2008

*[Signature: Carl Horn, III]*

Carl Horn, III
United States Magistrate Judge